[No. 20332.  Department Two.  March 17, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR
HILTON, *Appellant*.[1]

[1] INTOXICATING LIQUORS (27, 51) — PROPERTIES OF PROHIBITED
BEVERAGES—INSTRUCTIONS.  Under our statute making beer an
intoxicating liquor, in a prosecution for manufacturing beer,
it is not necessary to prove its intoxicating properties.

[2] CRIMINAL LAW (316)—INSTRUCTIONS—REFUSAL OF REQUEST.  It
is not error to refuse requested instructions already covered
in other instructions.

[3] INTOXICATING LIQUORS (28, 50)—ILLEGAL MANUFACTURE—EVI-
DENCE—SUFFICIENCY.  A conviction of manufacturing beer is
sustained by proof of the existence of a still just off the defend-
ant's premises, and that defendant was seen to disappear in the
brush in the direction of the still and a cache of liquor nearby,
and emerge and deliver packages to persons who came to the
place.

Appeal from a judgment of the superior court for
Island county, Bell, J., entered July 20, 1926, upon a
trial and conviction of the unlawful manufacture of
intoxicating liquor.  Affirmed.

*James Zylstra*, for appellant.
*Floyd Hatfield*, for respondent.

ASKREN, J.—The defendant, Arthur Hilton, was
charged jointly with his brother, Fremont Hilton, with
the crime of manufacturing intoxicating liquor, to wit:
beer, with intent to sell the same.  Upon trial both
were convicted by a jury of manufacturing the liquor,
and the court granted a new trial to Fremont Hilton,
alone.  Arthur Hilton appeals.

[1]  The first assignment of error urged is that the

[1]Reported in 253 Pac. 1073.

court erred in instructing the jury as to the intoxicating properties of beer. The instruction is long and need not be set out, but in it the jury were advised that beer is an intoxicating liquor and that it was not necessary that there be evidence of its intoxicating properties when used as a beverage.

The complaint to this instruction is that it took from the jury the right to find a material ingredient of the offense charged, to wit: whether the beer manufactured was intoxicating. But we cannot agree with this contention. The statute makes beer an intoxicating liquor by its express terms, and has removed the question of its intoxicating properties from the realm of jury determination. This is our holding in *State v. Hemrich*, 93 Wash. 439, 161 Pac. 79.

[2] The next error assigned is that the court erred in refusing to give a requested instruction upon circumstantial evidence. There was no error therein. The gist of the instruction was covered in instructions numbered six and seven given by the court, which were as favorable to the appellant as the one requested.

[3] The last assignment is that the evidence was insufficient to justify the verdict. A recital of the evidence would not be helpful. The facts present but the usual case of a still in operation just off the land where the appellant lived. No one actually saw appellant at the still, but a deputy sheriff had watched the appellant leave the house, go by a path through a breach in the fence, and disappear in the brush in the direction of the still, and a cache of liquor nearby. He emerged therefrom and delivered packages on several occasions to persons who came by auto to the place. An attempt was made to show that there was a well defined path other than the one leading from appellant's premises and the jury were sent to view the situation for them-

selves. The evidence was ample, if believed by the jury, to sustain the verdict.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and PARKER, JJ., concur.